### DAVID v. BOYLAN'S PRIVATE POLICE, Inc., et al.

### No. 174.

District Court, E. D. Louisiana, New Orleans Division.

Aug. 2, 1940.

556

Vosbein & Christensen, of New Orleans, La., for plaintiff.

Robert L. Hickerson, of New Orleans, La., for defendant Boylan's Private Police, Inc.

St. Clair Adams & Son, of New Orleans, La., for defendant Rickert Rice Mills, Inc.

CAILLOUET, District Judge.

(1) On motion of Rickert Rice Mills, Inc., to dismiss the action because the complaint fails to state a claim against said defendant upon which relief can be granted.

On the face of the papers, read in the light of the definite statement and admission of plaintiff's counsel (which was made to the Court on the trial of said motion), that there was actually no specific employment of plaintiff by Rickert Rice Mills, Inc., the motion to dismiss should be granted.

By § 3 of the Fair Labor Standards Act, Title 29 U.S.C.A. § 203, one is informed that an "employee" includes any individual employed by an employer, and that to "employ" includes "to suffer or permit to work".

Plaintiff does not contend that Rickert Rice Mills, Inc. can be legally characterized as his "employer", except if it be held that, after said Rickert Rice Mills, Inc. contracted with the Boylan's Private Police, Inc., for watchman service, and plaintiff, by direction of his employer, Boylan's Private Police, Inc., appeared on and about the premises of Rickert Rice Mills, Inc. (to then and there discharge for his employer, Boylan's Private Police, Inc., the watchman service contracted by said Boylan's Private Police, Inc., to be furnished the other party contract- ant, Rickert Rice Mills, Inc.), the said Rickert Rice Mills, Inc., *suffered* or *permitted* plaintiff "to work", and that, simply because *this* so happened, Rickert Rice Mills, Inc. legally became the "employer" of plaintiff, and made itself amenable to the provisions of the Act, particularly § 6, § 206, Title 29 U.S.C.A., for instance, which provides what "every *employer* shall pay to each of his employees", etc.

Plaintiff's position is legally untenable, and Defendant Rickert Rice Mills, Inc.'s motion, praying for the dismissal of plaintiff's complaint against mover on the ground that such complaint fails to state a claim upon which relief can be granted the plaintiff against said Rickert Rice Mills, Inc., under the provisions of the Fair Labor Standards Act, is hereby granted, and the Plaintiff's action against said Rickert Rice Mills, Inc., is accordingly dismissed.

. (2) On motion of Boylan's Private Police, Inc., to dismiss the action because the complaint fails to state a claim against said defendant upon which relief can be granted, and, alternatively, for a more definite statement, etc.:

(1) As to the motion to dismiss plaintiff's action, disposition thereof is postponed until the trial on the merits.

(2) As to the motion for a more definite statement, etc.

(a) The request for a definite statement, which is covered by caption "(a)" of the motion, is denied.

(b) The requests for definite statements, which are covered by captions "(b)" and "(c)", respectively, of the motion, are both granted.

Let the plaintiff, accordingly, amend and supplement his complaint within ten (10) days after notice of this order, Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, so as to definitely set out:

(1) Who paid plaintiff the weekly wage detailed in paragraph IV of his complaint?

(2) Who discharged him from his employment?